Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez.
Disiento de la determinación de este Tribunal de adentrarse a discutir asuntos relacionados con el contrato suscrito entre las partes, habida cuenta de que éste contiene una cláusula de arbitraje cuya validez no ha sido cuestionada. Al así proceder, se aparta de la norma que este Tribunal recientemente reafirmó en H.R., Inc. v. Vissepó & Diez Const., 190 DPR 597 (2014), que exige que se agoten los remedios contractuales antes de acudir a los tribunales. Lo que procedía, en estricto Derecho, era revocar al Tribunal de Apelaciones y desestimar la demanda instada debido a que, como cuestión de umbral, el Tribunal de Primera Instancia —y nosotros— estamos impedidos de atenderla. Veamos.
I
La Opinión Mayoritaria resume los hechos pertinentes a la controversia, por lo cual me limito a destacar aquellos que entiendo esenciales para la resolución de ésta. En primer lugar, es preciso enfatizar que es la relación contrac *62 tual entre el Sr. Randolfo Rivera Sanfeliz, como empleado, y FirstBank Puerto Rico, como patrono, la que condiciona y enmarca la controversia en este caso. Mediante contrato suscrito el 26 de mayo de 1998, las partes acordaron los términos y las condiciones que regirían su relación laboral. Asimismo, y en virtud de la Cláusula 22 del contrato, las partes contratantes pactaron que toda controversia que surgiera en torno a la interpretación del mismo se sometería ante la consideración de tres árbitros nombrados por la Asociación Americana de Arbitraje (AAAj.(1) La redacción clara e inequívoca de la cláusula de arbitraje destaca su carácter abarcador.
Posteriormente, el 23 de agosto de 2010, el señor Rivera Sanfeliz fue despedido. En consecuencia, éste presentó una querella en contra de FirstBank sobre despido injustificado, incumplimiento contractual y daños económicos y emocionales, presuntamente, sufridos como consecuencia del despido.(2) Sometida la controversia ante el Tribunal de Primera Instancia, y luego de varios incidentes procesales, éste se declaró sin jurisdicción para atenderla y, en virtud de la cláusula de arbitraje incorporada al contrato, ordenó al señor Rivera Sanfeliz a presentar sus reclamos ante el foro apropiado, conforme éste había acordado.
No obstante, la desestimación de esta primera acción no puso fin a los reclamos entre las partes implicadas. Ello, pues, posterior a la presentación de la Querella, pero previo a que el foro primario emitiera su sentencia paralizando los procedimientos, el señor Rivera Sanfeliz presentó una demanda ante el Tribunal de Primera Instancia; esta vez, en conjunto con sus hijos, hermanos y pareja *63 consensual. Contrario a la primera causa de acción, dirigió la demanda en contra de los miembros de la Junta de Directores de FirstBank en su capacidad personal, sus respectivos cónyuges y las correspondientes Sociedades Legales de Gananciales. En ésta, el señor Rivera Sanfeliz, sus hijos, sus hermanos y su pareja consensual alegaron que los miembros de la Junta fueron negligentes en el descargo de sus funciones como oficiales de FirstBank y que, por tanto, sus acciones y omisiones permitieron que FirstBank violara el contrato, lo cual les causó daños.
Luego de unos incidentes procesales, el Tribunal de Primera Instancia desestimó la demanda, sin perjuicio, por dejar de exponer una reclamación que justificara la concesión de un remedio. No obstante, el Tribunal de Apelaciones revocó, por lo que los miembros de la Junta recurrieron ante este Tribunal.
II
Como sabemos, las partes de un contrato pueden establecer los pactos, las cláusulas y las condiciones que estimen convenientes, siempre que éstos no sean contrarios a las leyes, a la moral ni al orden público. 31 LPRA see. 3372. Por otro lado, la Ley Núm. 376 de 8 de mayo de 1951, dispone lo siguiente:
[d]os o más partes podrán convenir por escrito en someter aarbitraje [...] cualquier controversia que pudiera ser objeto de una acción existente entre ellos a la fecha del convenio de so-meter a arbitraje; o podrán incluir en un convenio por escrito una disposición para el arreglo mediante arbitraje de cualquier controversia que en el futuro surgiere entre ellos de dicho acuerdo o en relación con el mismo. Tal convenio será válido, exigible e irrevocable salvo por los fundamentos que existieren en derecho para la revocación de cualquier convenio. 32 LPRA see. 3201.
Según hemos expresado, esta ley concretiza una fuerte política a favor del arbitraje que exige que toda duda sobre *64 la existencia o no de la obligación de arbitrar se resuelva a su favor. U.C.P.R. v. Triangle Engineering Corp., 136 DPR 133, 141-142 (1994). Ello, evidentemente, siempre y cuando el acuerdo haya sido pactado libremente y no surja un fundamento que justifique la modificación o anulación del mismo. Véase, por ejemplo, Martínez Marrero v. González Droz, 180 DPR 579 (2011).
Conforme a lo anterior, este Tribunal recientemente reafirmó que “las partes que voluntariamente se someten a un procedimiento de arbitraje deben agotar los remedios contractuales antes de acudir a los tribunales, salvo que exista justa causa para obviarlos”. H.R., Inc. v. Vissepó & Diez Const., supra, pág. 606. Por lo tanto, cuando la adjudicación de una causa de acción necesariamente requiere que el tribunal dilucide un asunto contractual que, a su vez, está sujeto a un acuerdo de arbitraje válido y exigible, lo propio es que el tribunal paralice los procedimientos y se abstenga de evaluar los méritos de la controversia. U.C.P.R. v. Triangle Engineering Corp., supra, pág. 142.
Ill
Al examinar someramente los fundamentos de las reclamaciones incluidas en la demanda, surge con meridiana claridad que su presentación no es más que un intento por parte de los recurridos de eludir la obligación previamente contraída por el señor Rivera Sanfeliz de someter toda reclamación en torno a la interpretación del contrato a un proceso de arbitraje. En consonancia con ello, los recurridos procuraron no reproducir los reclamos de la primera demanda y, además, incorporaron una nueva causa de acción. No obstante, como acertadamente señala la Opinión mayoritaria, “las alegaciones [de la demanda] tienen todas un mismo hilo conductor: el Contrato. Son las obligaciones, según consignadas en el pacto laboral acordado entre el señor Rivera, como empleado, y FirstBank, en ca *65 lidad de patrono, las que dan base a la reclamación”. Opinión mayoritaria, pág. 58.(3)
Concretamente, los recurridos reclaman que los peticionarios, como miembros de la Junta, tenían un deber legal de actuar —traducido al ámbito corporativo en un deber fiduciario de diligencia—, y que ellos incumplieron con este deber al no actuar para prevenir que FirstBank violara el contrato. Ello, según los recurridos, le causó daños no tan solo al señor Rivera Sanfeliz, sino también a sus hijos, hermanos y pareja consensual. En otras palabras, en la demanda, según sus propios términos, se alega que determinadas omisiones por parte de los peticionarios resultaron en —es decir, constituyen la causa legal de— un incumplimiento contractual que repercutió en daños para los recurridos. Evidentemente, y a pesar de que los recurridos instaron la demanda al amparo del Art. 1802 del Código Civil, 31 LPRA see. 5141, la determinación de si hubo o no un incumplimiento contractual es medular para la adjudicación de la misma. Ello, pues ante la ausencia de un incumplimiento contractual, se torna innecesario evaluar si los peticionarios incurrieron en la negligencia que los recurridos le imputan. Por lo tanto, en el orden de análisis, un tribunal estaría obligado, en primera instancia, a dilucidar si en efecto hubo el incumplimiento contractual alegado.
Sin embargo, como ya hemos visto, el contrato remite, con carácter obligatorio, toda controversia en torno a su interpretación a un proceso de arbitraje. Si bien la Opinión mayoritaria expresamente reconoce que las causas de acción de los recurridos necesariamente implican la interpretación del contrato y que, por consecuencia, requieren que el tribunal adjudicador dilucide si los términos del mismo *66 se cumplieron, falla al no atribuirle la importancia que ello conlleva. Reconocer que el contrato constituye la base de todas las reclamaciones exige que concluyamos que el Tribunal de Primera Instancia debió abstenerse de entrar en los méritos de la controversia por lo imperativo de la cláusula de arbitraje, al igual que nosotros.
La Opinión mayoritaria hace todo lo contrario y realiza precisamente ese análisis. Ello la lleva a concluir que los recurridos presentaron acciones de naturaleza contractual y fiduciaria que no tenían legitimación para reclamar, por lo que procede desestimar la demanda al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, en tanto ésta deja de exponer una reclamación que justifique la concesión de un remedio. Para llegar a esa conclusión, sin embargo, la Opinión Mayoritaria confunde cuál es el análisis apropiado y adjudica, impropia e innecesariamente, reclamaciones que deben dilucidarse primero en el proceso de arbitraje.(4)
El señor Rivera Sanfeliz no ha alegado que la cláusula de arbitraje del contrato fue producto de un consentimiento viciado o que existe un fundamento en Derecho que justifique su modificación o anulación. Tampoco ha planteado la existencia de justa causa que le exima de tener que agotar los remedios contractuales. Consiguientemente, debemos concluir que la obligación de arbitrar todo asunto relacionado con el contrato es válida y exigible. Por las razones expuestas anteriormente, ello, como cuestión de umbral, dispone de la controversia en esta etapa. Por tal razón, el Tribunal de Primera Instancia debió abstenerse de atender las alegaciones contenidas en la demanda.
*67 Por entender que la Opinión mayoritaria incide al entrar en los méritos de la controversia, disiento.

 La Cláusula 22 del contrato dispone lo siguiente: “Arbitration. Any controversy as to the interpretation of this contract must be submitted before three (3) arbitrators to be appointed by the American Arbitration Association (“AAA”). The rules and regulations of the AAA shall govern the procedures of said arbitration. The award of a majority of arbitrators shall be binding and final on the parties”. Apéndice, pág. 34.

 La Querella se presentó al amparo del procedimiento sumario que dispone la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPEA sec. 3118 et seq.

 Cabe señalar que por ser FirstBank la otra parte obligada por el contrato, es ésta la única que ha de responder directamente por cualquier violación al mismo. Sin embargo, su inclusión en el litigio como parte indispensable no subsanaría las deficiencias procesales de la demanda, sino más bien activaría la cláusula de arbitraje incorporada al contrato. Ello pone en mayor relieve que la presentación de la demanda fue un subterfugio dirigido a evadir la obligatoriedad de arbitrar todo reclamo relacionado al contrato.

 Es menester señalar que el hecho de que estemos ante una moción de desestimación según la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, no altera la conclusión que proponemos, puesto que, como cuestión de umbral, los tribunales están obligados a determinar si poseen autoridad para adjudicar las alegaciones contenidas en una demanda. Cuando no la poseen, se torna innecesario examinarlas de la manera que lo hace la Opinión mayoritaria.